DAVID H. KRAMER, State Bar No. 168452
SARA E. ROWE, State Bar No. 295353
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
Email: srowe@wsgr.com

COLLEEN BAL, State Bar No. 167637
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: cbal@wsgr.com

*Attorneys for Defendant Square, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT E. WHITE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SQUARE, Inc., a Delaware corporation,<br><br>　　　　Defendant. | Case No. 3:15-cv-04539-JST<br><br>**SQUARE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 11, 2016<br>Time: 2:00 p.m.<br>Courtroom: 9 – 19th Floor<br>Before: Hon. Jon S. Tigar |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 11, 2016, at 2:00 p.m., before the Honorable Jon S. Tigar of the United States District Court for the Northern District of California, Courtroom 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, Defendant Square, Inc. ("Square") will, and hereby does, move this Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing with prejudice the Second Amended Complaint ("SAC") filed by Plaintiff Robert E. White ("White").

RELIEF SOUGHT: Square seeks dismissal of Plaintiff's SAC with prejudice, under Fed. R. Civ. P. 12(b)(6), as Plaintiff has not and cannot demonstrate he has suffered injury sufficient to state a claim under the Unruh Act. This motion is based upon this Notice of Motion; the Memorandum of Points and Authorities in support thereof; the Proposed Order; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before this Court.

**STATEMENT OF THE ISSUE TO BE DECIDED**

In light of Plaintiff's continued failure to allege facts sufficient to establish standing under the Unruh Act, should his claims be dismissed with prejudice?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This Court previously held that Plaintiff White's First Amended Complaint ("FAC") failed to allege facts sufficient to establish that he had standing to bring a claim against Square under the Unruh Act. The amended allegations in White's SAC do nothing to change that analysis.

The Unruh Act, which protects against arbitrary discrimination based on personal characteristics, provides standing only to those who have been the victim of discrimination. An unbroken line of cases, including this Court's April 19, 2016 Order dismissing Plaintiff's FAC ("FAC Order"), hold that the Unruh Act thus applies to persons who actually take action to avail themselves of a defendant's goods or services and are denied their rights in the process. It does

not apply to bystanders or to persons who hypothetically fall within the scope of an allegedly discriminatory policy.

Plaintiff White is a mere bystander. In his FAC, he conceded that he never subscribed to Square's credit card payment processing service, and thus was never (and could not possibly have been) rejected or terminated by Square pursuant to the policy he asserts to be discriminatory based on occupation. This Court properly dismissed this claim for failure to allege standing under the Unruh Act.

Nothing has changed, nor could it. While White continues to construct new allegations to contrive a claim, he remains a mere bystander. All he has done in the SAC is confirm that. His new allegations aver that he (1) read the file in the *shierkatz v. Square* case, (2) formed an intent to subscribe to the Square service without being subject to the terms under which Square offers it to the public, (3) visited the Square website, (4) reviewed Square's terms of service, (5) decided not to subscribe to the Square service, and (6) instructed his counsel to take legal action. SAC ¶¶ 10-20. White thus continues to fail to distinguish himself in any material respect from the plaintiff in *Surrey v. TrueBeginnings*, a case which this Court held required dismissal of White's FAC. *See* FAC Order at 5-6; *Surrey v. TrueBeginnings*, 168 Cal. App. 4th 414, 417 (2008) (affirming lack of standing under Unruh Act where Plaintiff visited dating website "with the intent of utilizing its services," learned the service charged males more than females, opted not to subscribe, and instead sued the service for gender discrimination).

In addition to his claim for statutory damages, Plaintiff's SAC adds two new claims, one seeking a declaration that he has standing to sue and another seeking an injunction against Square under the Unruh Act. But White does not have standing, and his request for a declaration of standing does not itself bestow standing upon him. Nor does his claim for injunctive relief, since such a claim is governed by the same standing requirements as his claim for damages. *See Surrey*, 168 Cal. App. App. 4th at 420.

Square respectfully requests that the SAC be dismissed with prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Background Facts

This case is the latest in a series brought by Plaintiff's counsel to manufacture a court action under the Unruh Act while sidestepping the terms under which the challenged service is offered to the public. In the first case, *shierkatz v. Square*, the plaintiff bankruptcy law firm entered an agreement with Square (the "Square Seller Agreement" or "Agreement") to use Square's credit card processing services. When Square learned that shierkatz was violating the Agreement, it terminated shierkatz's account. shierkatz sued Square under the Unruh Act, claiming its termination constituted unlawful discrimination (arguing it was based on occupation, rather than an assessment of economic risk). This Court sent the case to arbitration pursuant to the terms of the parties' agreement. *See shierkatz RLLP v. Square, Inc.*, No. 3:15-cv-02202-JST, 2015 U.S. Dist. LEXIS 169628 (N.D. Cal. Dec. 17, 2015).[1]

After failing to avoid the Square Seller Agreement's arbitration provision, plaintiff's counsel changed his tactics, and filed three other actions (of which this is one) on behalf of plaintiffs who never signed up for the allegedly discriminatory service. *See White v. Stripe, Inc.*, No. 4:15-cv-06236-DMR (N.D. Cal.) (asserting an identical Unruh Act action by Plaintiff White against another payment processing service); *Abu Maisa, Inc. v. Flint Mobile, Inc.*, No. 15-cv-6338-DMR (N.D. Cal.) (asserting that lawyers for plaintiff smoke shop visited the websites of, but plaintiff never opened an account with, several payment processing services, including Square and Stripe).

In the FAC in the present action, White alleged that he has no relationship with Square, and never endeavored to use Square's service. He is a personal friend and business colleague with one of the two partners of the shierkatz law firm. *Id.* ¶¶ 1, 8. White alleged that he "read the District Court's file" in the *shierkatz* action and learned that the Square Seller Agreement prohibits payments in connection with certain business activities. From that, he was "dissuaded"

---

[1] The current action was related to the *shierkatz* action on October 7, 2015. Dkt. 11.

from seeking to register for a Square account. *Id.* ¶ 9. He did not allege that he ever took steps to register for a Square account or use the service. To the contrary, the FAC makes clear that his sole interest in Square is to litigate this action. According to Plaintiff White, after he heard about the *shierkatz* case, he decided to seek statutory damages from Square too, and claimed he may do so on behalf of an ill-defined putative class. *Id.* ¶ 9-10.

Given White's failure to allege that he suffered any asserted discrimination, Square moved to dismiss White's FAC for lack of standing. Dkt. 32. Citing *Surrey v. TrueBeginnings* and *Angellucci v. Century Supper Club*, 41 Cal. 4th 160 (2007), this Court granted Square's motion on April 19, 2016.

**B.    The SAC**

Plaintiff White amended his complaint on April 29, 2016. Although the SAC contains several paragraphs of additional allegations, they do not alter the single dispositive fact -- White never subscribed to the Square service and thus was not subject to the alleged discrimination under the policy he purports to challenge. White now alleges that he:

- learned about Square's allegedly discriminatory policy secondhand (SAC ¶ 8);
- reviewed the PACER record in the *shierkatz v. Square* case (*id.* ¶ 11);
- formed an intent to subscribe to Square's services without complying with the terms under which it is offered to the public (*id.* ¶ 10);
- visited the Square website and reviewed its terms of service (*id.* ¶ 12);
- elected not to subscribe to the Square service (*id.* ¶¶ 13-14); and
- worked with his counsel to bring the current action against Square, including by amending his complaint and demanding that Square revise its terms of use (*id.* ¶¶ 15-20).

White also adds two claims to the SAC, in addition to his claim for damages under the Unruh Act. Claim one seeks a declaration that he has standing to sue Square under the Unruh Act. Claim two seeks an injunction under the Unruh Act.

**III.     ARGUMENT**

    **A.     Legal Standard For A Motion to Dismiss**

Under Rule 12(b)(6), a complaint should be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While the court accepts as true all material allegations in the complaint, it need not accept the truth of conclusory allegations or unwarranted inferences, nor should it accept legal conclusions as true merely because they are cast in the form of factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Schmier v. U.S. Court of Appeals*, 279 F.3d 817, 820 (9th Cir. 2002). When a plaintiff fails to allege facts to establish statutory standing, its claim should be dismissed for failure to state a claim under Rule 12(b)(6). *See, e.g., In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1109 (9th Cir. 2013) ("[F]ailure to allege statutory standing results in failure to state a claim on which relief can be granted."). Where the complaint has already been amended and further amendment would be futile, dismissal should be with prejudice. *Caldwell v. Caldwell*, 420 F. Supp. 2d 1102, 1108 (N.D. Cal. 2006).

    **B. The New Allegations Of The Second Amended Complaint Do Not Establish Standing**

        i. <u>To Establish Standing Under The Unruh Act, A Plaintiff Must Have Sought To Avail Itself Of Defendant's Services And Suffered Discrimination In The Process</u>

California law is clear that only a plaintiff who has been personally injured by a defendant's discriminatory conduct has standing to sue under the Unruh Act. *Surrey*, 168 Cal. at 419 ("[T]he cases interpreting the [Unruh] Act have consistently held that an individual plaintiff has standing to bring claims thereunder only if he or she *has been the victim of the defendant's discriminatory act*.") (original emphasis); *see Angellucci*, 41 Cal. 4th at 175 ("[I]njury occurs when the discriminatory policy is *applied* to the plaintiff — that is at the time the plaintiff patronizes the business establishment, tendering the nondiscounted price of admission.") (original emphasis). This requirement follows directly from the statutory language, which grants standing only to "aggrieved" persons and those whose rights under the Act have been "denied." *Surrey*, 168 Cal. App. 4th at 418. (*citing* Cal. Civ. Code §52 (a) and (c)); *see also Hous. Rights Ctr., Inc. v.*

*Moskowitz*, No. CV 04-2266 PA (VBKx), 2004 U.S. Dist. LEXIS 28885, at *10 (C.D. Cal. Sep. 20, 2004) (affirming dismissal of Unruh Act claim brought by housing organization because it was not a "person[] aggrieved" under the Act).

In *Surrey*, the male plaintiff visited an online dating service "with the intent of utilizing its services." *Surrey*, 168 Cal. App. 4th at 417. Upon reviewing the service's website, he learned the service charged male subscribers more than females. *Id*. He opted not to subscribe, and instead sued the service for gender discrimination under the Unruh Act. The California Court of Appeal affirmed dismissal of his claim for lack of standing. Noting that "[t]he prerequisites for standing to assert statutorily based causes of action are to be determined from the statutory language, as well as the underlying legislative intent and the purpose of the statute," it observed that the Unruh Act permits only those persons who are "aggrieved" to sue for preventative relief and only those persons "denied the rights" provided under the Act to seek damages. *Id.* at 417-18. The plaintiff was not such a person because "he had never subscribed to or utilized its online services."

Other California cases are to the same effect, all denying standing under the Unruh Act (or its predecessor) to plaintiffs who have not personally suffered discrimination. *See, e.g.*, *Orloff v. Hollywood Turf Club*, 110 Cal. App. 2d 340 (1952) (holding that plaintiff ejected from racetrack and told he should not return lacked standing to bring claims for days when he had not actually sought admission); *Weaver v. Pasadena Tournament of Roses Ass'n*, 32 Cal. 2d 833, 838 (1948) (affirming denial of class certification upon recognition that each putative class member excluded from the Rose Bowl would need to establish that he "presented himself and demanded admittance to the game," "tendered the price of the ticket," and was wrongfully refused admission); *Midpeninsula Citizens for Fair Hous. v. Westwood Inv'rs*, 221 Cal. App. 3d 1377, 1383 (1990) (holding that housing nonprofit was not a "person aggrieved" within the meaning of the Unruh Act, which limits standing to "those individuals actually denied full and equal treatment by a business establishment"); *see also Torres v. Unum Life Ins. Co. of Am.*, No. C 08-1940 MHP, 2009 U.S. Dist. LEXIS 1170 (N.D. Cal Jan. 8, 2009) (Patel, J.) (finding that

plaintiff lacked statutory and constitutional standing to assert Unruh Act claim where alleged harm would only be realized through a series of hypothetical events).

This Court's order dismissing the FAC is fully in line with these decisions. This Court correctly ruled that "White has failed to allege statutory standing under the Unruh Act because White has not alleged that he attempted to subscribe to Square's services." FAC Order at 5-6.

### ii. The SAC Alleges No New Facts To Establish Standing

The new allegations in White's SAC do nothing to alter the outcome because White still does not claim to have ever subscribed to the Square service (much less to have suffered discrimination by Square). To the contrary, he admits that he chose not to subscribe *in order to avoid being subject to Square's allegedly discriminatory policy*. SAC ¶ 14 ("White had Bankruptcy Law Firm elect not to click the link marked 'Continue' on the Square Website (and thereby enter into the Square Seller Agreement) . . . because [doing so] would have predictably subjected [White] to a subsequent discriminatory termination by [Square]."). White thus remains no different than the male plaintiff in *Surrey*, who claimed that he was dissuaded from subscribing to a dating service when he learned that the service would charge him a higher subscription price than a woman, or the plaintiff in *Orloff*, who was discouraged from seeking to reenter the defendant racetrack by a warning that he would be rejected if he ever returned. None has standing to sue under the Unruh Act.[2]

White seeks to overcome this fatal shortcoming by alleging repeatedly that he possessed a "strong, definite and specific intent" to subscribe to the Square service without being subject to its terms of service. *See, e.g.*, SAC ¶ 10. That is irrelevant. Unruh Act standing does not turn on a would-be plaintiff's subjective intent. As *Surrey*, *Orloff*, *Housing Rights Center* and the

---

[2] White cites to the definition of "attempt" in the California Penal Code to try to support the argument that he should have standing to sue under the Unruh Act because he "attempted" to become a Square subscriber. *See* SAC ¶ 36. That is wrong both legally and factually. First, the Penal Code definition has no relevance to standing under the Unruh Act, which grants standing to sue to those persons who are "aggrieved" and whose rights have been "denied." *See* Cal. Civ Code §§52(a), 52(c). Second, White's own allegations contradict his "attempt" argument, since they make clear that he made no attempt to register for a Square account. *See* SAC ¶ 14.

SQUARE'S MOTION TO DISMISS SAC            -7-
CASE NO. 3:15-cv-04539-JST

other cases cited above make clear, allegations that a plaintiff was aware that defendant maintains an allegedly discriminatory policy or was intent on challenging it are insufficient to assert an Unruh Act claim. The Act only provides redress to a plaintiff who has been personally injured by a defendant's action. *See, e.g., Hous. Rights Ctr.*, 2004 U.S. Dist. LEXIS 28885 at *10; *Surrey*, 168 Cal. App. 4th at 419; *Orloff*, 110 Cal. App. 2d at 344.

For instance, the *Surrey* plaintiff initially "intended" to sign up for the dating service. *See Surrey* at 417. However, like White, Surrey ultimately elected not to take the steps necessary to subscribe. *See id.* ("[A]fter discovering the discrepancy in its charges, he did not, however, subscribe to or pay for its services."). As a result, Surrey was not subject to the allegedly discriminatory pricing policy and therefore lacked standing to sue. *See id*. at 420; Order at 5-6. The same is true of White. Having elected not to subscribe to the Square service, White was not, and could not possibly have been, rejected or terminated by Square pursuant to the policy he claims is discriminatory. He therefore lacks standing, whatever his intent.

The other new or expanded allegations in the SAC similarly do nothing to establish standing. White now alleges that he visited the Square website and read the policy that he claims is discriminatory. SAC ¶¶ 12 and 18. *Surrey* and this Court's FAC Order make clear that that is insufficient. *Surrey*, 168 Cal. App. 4th at 416–19; FAC Order at 5-6. White also alleges that he worked with his counsel to bring the current action, including by amending the complaint and demanding that Square cease its allegedly discriminatory conduct. SAC ¶¶ 15-20. But again, that does not distinguish White from Surrey, Orloff, or any of the other plaintiffs in the host of California cases who hired counsel to file claims under the Unruh Act but failed to establish standing. Because White still does not allege "that he attempted to subscribe to Square's services" — and indeed, now concedes that he elected not to subscribe to the service (SAC ¶ 14) — he has not alleged facts sufficient to establish standing.

### iii. Plaintiff Has Not Alleged Standing To Seek An Injunction Under The Unruh Act

Plaintiff's second claim for relief, seeking an injunction against Square, fails for the same reasons. As the California Court of Appeal recognized in *Midpeninsula*, the standard for seeking an injunction under the Unruh Act is the same as that for seeking damages:

> [W]e reject [plaintiff's] contention that the Legislature intended, by adding the language 'a person aggrieved by the pattern or practice,' to confer standing upon an expanded class of plaintiffs whose civil rights had not been personally violated. It appears instead that this language was intended to provide a cause of action for injunctive relief to the same class of plaintiffs as was entitled to damages under subdivision (a).

*Midpeninsula Citizens for Fair Housing*, 221 Cal. App. 3d at 1384; *Surrey*, 168 Cal. App. 4th at 418, 420 (construing standing requirements under Cal. Civ Code §§52(a) and 52(c) and holding that plaintiff lacked standing to seek "damages or injunctive relief"); *see also* Cal Civ Code § 52(c) (limiting standing for injunctive relief to "any person aggrieved" under the Act).

### iv. Plaintiff's Claim For Declaratory Relief Should Be Dismissed

Finally, Plaintiff White's new claim for a declaration that he has standing to sue under the Unruh Act should be dismissed. For the reasons set forth above, White has failed to allege standing and his assertion of a declaratory relief claim does nothing to remedy that failure. *See New.net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1118 (C.D. Cal. 2004) (dismissing declaratory relief claim that relied upon other dismissed claims). The new claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Square respectfully requests that this Court dismiss the SAC. Because further amendment would be futile given that Plaintiff White has never subscribed to the Square service, much less been rejected or terminated pursuant to the policy he claims is discriminatory, Square respectfully requests that the SAC be dismissed with prejudice.

1  DATED:  June 10, 2016                     Respectfully submitted,

                                             WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation


                                             By:          /s/ Colleen Bal
                                                         Colleen Bal

                                             *Attorneys for Defendant Square, Inc.*

SQUARE'S MOTION TO DISMISS SAC                -10-
CASE NO. 3:15-CV-04539-JST