1  JONATHAN H. BLAVIN (State Bar No. 230269)
   jonathan.blavin@mto.com
2  J. MAX ROSEN (State Bar No. 310789)
   max.rosen@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
4  San Francisco, CA 94105-2907
   Telephone: (415) 512-4000
5  Facsimile: (415) 512-4077

6  ROSE LEDA EHLER (State Bar No. 296523)
   rose.ehler@mto.com
7  MARGARET H. THOMPSON (State Bar No. 313898)
   maggie.thompson@mto.com
8  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
9  Los Angeles, CA 90071-3426
   Telephone: (213) 683-9100
10 Facsimile: (213) 687-3702

11 Attorneys for Defendant Square, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT E. WHITE,<br><br>          Plaintiff,<br><br>     vs.<br><br>SQUARE Inc., a Delaware corporation,<br><br>          Defendants. | Case No. 3:15-cv-04539-JST<br><br>**SQUARE, INC.'S NOTICE OF MOTION AND MOTION FOR COSTS AND FEES PURSUANT TO FED. R. CIV. P. 41(d).**<br><br>Judge:  Hon. Jon S. Tigar<br>Date:   January 8, 2020<br>Time:   2:00 p.m.<br>Ctrm:   6 – 2nd Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 8, 2020, before the Honorable Jon. S. Tigar of the United States District Court for the Northern District of California, Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, Defendant Square, Inc. ("Square") will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 41(d) for an order affirming Square's entitlement to reasonable costs and fees incurred in this case.

RELIEF SOUGHT:  Square asks the Court to exercise its discretion under Federal Rule of Civil Procedure 41(d) to discourage Plaintiff's blatant forum shopping.  Plaintiff voluntarily dismissed this action, and then (two days later), "file[d] an action based on or including the same claim against the same defendant" in the Superior Court for the County of San Francisco.  Fed. R. Civ. P. 41(d).  Square respectfully requests that the Court order Plaintiff to compensate Square for a portion of the costs and fees that it incurred in defending this action.  This motion is based upon this Notice of Motion; the Memorandum of Points and Authorities in support thereof; the Declaration of Rose Leda Ehler, the Proposed Order; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before this Court.

STATEMENT OF THE ISSUE TO BE DECIDED:  Should this Court exercise its discretion under Rule 41(d) to award Square a portion of its costs and fees incurred defending this action[1] because Plaintiff voluntarily dismissed his claims in this Court only to re-file the same substantive claim in state court?

---

[1] Square seeks reimbursement for fees incurred to oppose some of the most egregious of Plaintiff's litigation maneuvers, including (1) Plaintiff's motion for a new trial, which Square opposed, Dkt. Nos. 61, 63 and (2) related to the Ninth Circuit appeal, Plaintiff's "motion for [the Ninth Circuit] to determine its own subject matter jurisdiction."

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Apparently unhappy with his prospects before this Court (and after more than four years of litigation)[2], Plaintiff decided to seek a fresh start in state court. Plaintiff voluntarily dismissed his claim for violations of the California Unruh Civil Rights Act ("Unruh Act") on behalf of himself and a putative class of bankruptcy attorneys. *See* Dkt. No. 82. Two days later, and after Square advised Plaintiff that it would not consent to his proposed third amended complaint, Plaintiff refiled the same claim (minus class allegations) in state court. *See White v. Square, Inc.*, No. CGC-19-580267 (Cal. Sup. Ct. S.F. Cty. filed Oct. 24, 2019).[3] The objective of his litigation maneuver appears clear: Plaintiff hopes that another forum—one that is not yet familiar with his meritless claims nor his counsel's penchant for litigation tactics—will be more favorable.

The Federal Rules of Civil Procedure are designed to discourage precisely this sort of wasteful forum shopping. Rule 41(d) is "intended to serve as a deterrent to forum shopping and vexatious litigation," *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (quoting *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992)), by "grant[ing] the court broad discretion to award costs to a defending party when an original action is dismissed and a defendant must respond to a second action asserting the same claims," *Nielson v. Union Bank of Cal., N.A.*, No. CV 02-06942 MMM (CWx), 2003 WL 27374136, at *2 (C.D. Cal. Mar. 31, 2003). The Court should exercise that discretion here because Plaintiff's decision to dismiss his claim in order to seek out a new forum, presents "precisely the type of case for which Rule 41(d) was

---

[2] Plaintiff's counsel in this case has brought several purported class actions against Square, challenging different terms of service, the majority of which have been litigated in this Court. *See Abu Maisa, Inc. v. Google Inc. et al.*, No. 3:15-cv-06338-JST, 2016 WL 7178580 (N.D. Cal. Dec. 8, 2016) (alleging discrimination against convenience store that sells cigarettes, drug paraphernalia, and adult-oriented materials); *shierkatz Rllp v. Square Inc.*, No. 15-cv-02202-JST, 2015 WL 9258082 (N.D. Cal. Dec. 17, 2015) (alleging discrimination against bankruptcy lawyers); *Gladwin v. Square, Inc.*, No. 17-Cv-01981 (Cal. Sup. Ct. Merced Cty. filed June 16, 2017) (alleging discrimination against federally licensed firearms dealers).

[3] There is not a prescribed deadline for a Rule 41(d) motion. Nevertheless, and out of an abundance of caution, Square has filed 14 days after Plaintiff served the state-court complaint (November 1, 2019), the action which gave rise to this request.

designed." *Ross v. Infinity Ins.*, No. 12-5050, 2013 WL 2495114, at *2 (E.D. Pa. June 10, 2013) (awarding costs and attorney's fees under Rule 41(d) where plaintiff dismissed federal case and refiled in state court in order to "forum-shop").

Square respectfully requests that the Court grant this Motion entitling Square to reasonable costs and fees incurred performing what is now wasted work.[4]

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2015, Plaintiff Robert White filed a class action complaint against Square before this Court—choosing for himself a federal forum. *See* Dkt. No. 1. His second amended complaint (filed April 29, 2016) asserted claims for injunctive relief and statutory penalties under the Unruh Act, on the basis that a term of service on Square's website discriminated against him as a bankruptcy attorney. *See* Dkt. No. 39. Plaintiff asserted federal jurisdiction under the Class Action Fairness Act. *See id.* ¶¶ 3, 22–28.

Plaintiff quickly grew frustrated with the Court's rulings in his chosen forum. After this Court granted Square's motion to dismiss (twice), *see* Dkt. Nos. 38, 54, Plaintiff filed *multiple* requests for reconsideration, Dkt. Nos. 57, 67, and for a new trial (which Square opposed), Dkt. Nos. 61, 63. The Court denied all of them. Dkt. Nos. 58, 66, 68. On November 21, 2016, Plaintiff appealed to the Ninth Circuit. Dkt. No. 69.

Plaintiff then embarked on the first of his efforts to forum shop. After appealing to the Ninth Circuit, on January 12, 2017, Plaintiff filed a "motion for [the Ninth Circuit] to determine its own subject matter jurisdiction," arguing for the first time that Plaintiff *lacked* standing under the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)—notwithstanding that Plaintiff filed this action in federal court. *White v. Square, Inc.*, No. 16-17137 (9th Cir. Jan. 12, 2017) ("*White* Ninth Circuit Appeal"), Dkt. No. 4-1 (attached to the concurrently filed Declaration

---

[4] If this Motion is granted, Square will supplement the record with documentation for the costs and attorneys' fees incurred and justification for the billing rates charged for the unnecessary work performed on behalf of Square in defending this action. *See Fees v. Zarco*, No. 1:17-CIV-20564-KMM, 2019 WL 2106072, at *3 (S.D. Fla. Feb. 11, 2019), *report and recommendation adopted*, No. 1:17-CV-20564-KMM, 2019 WL 2105922 (S.D. Fla. Mar. 8, 2019) (procedurally first determining whether Defendant is "entitled to recover … costs and attorneys' fees in defending the federal case" and then permitting a motion for the specific fees).

of Rose Leda Ehler ("Ehler Decl.") Ex. D). Moreover, *Spokeo* came down on May 16, 2016—*prior* to all the briefing addressing Plaintiff's Second Amended Complaint before this Court. Nevertheless, Plaintiff waited until he was before the Ninth Circuit to challenge the Court's jurisdiction over his own case. Plaintiff noted to the Court of Appeal that he could bring his claims "in the California courts," which have no "case or controversy" requirement. *Id.* at 3 (citation omitted). Square opposed, and the Ninth Circuit denied Plaintiffs' Motion, *White* Ninth Circuit Appeal, Dkt. No. 17 (Ehler Decl. Ex. E), and ultimately held that Plaintiff had standing,[5] *White v. Square, Inc.*, 891 F.3d 1174, 1176–77 (9th Cir. 2018).

On October 15, 2019, the same day that the Ninth Circuit issued its mandate remanding the case back to this Court for further proceedings, counsel for Plaintiff informed Square that he wanted Square to stipulate to Plaintiff's filing of a *third* amended complaint that would "drop the class action aspect of this case." See Ehler Decl. Ex. A at 3. On October 18, 2019, counsel for Plaintiff stated explicitly that that his plan was to refile in state court. Ehler Decl. Ex. B at 1. On October 22, 2019, Square explained that it would not stipulate to such an amendment. *Id.* Ex. A at 1. Square explained that it "disagree[d] that [the] class claims have merit," but that the appropriate way to address that issue was not through amendment, which would destroy federal jurisdiction after four years of litigating the case. *Id.* In that email, Square noted that counsel for Plaintiff had a history of forum shopping, that it appeared that the proposed amendment was merely the latest attempt to avoid federal jurisdiction, and that if Plaintiff wanted to file a motion to amend, Square would oppose on the ground that such a motion was improperly brought simply "to destroy diversity and to destroy the jurisdiction of th[e] court." *Id.* (quoting *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987)). Rather than make a motion to amend, Plaintiff filed a voluntary dismissal that same day. See Dkt. No. 82.

Two days later, on October 24, 2019, Plaintiff filed a new complaint in the California Superior Court of the County of San Francisco, seeking injunctive relief and statutory penalties on

---

[5] The Ninth Circuit thereafter certified the question whether Plaintiff had statutory standing under the Unruh Act to the California Supreme Court, which resolved that question in the affirmative on August 12, 2019. *See White v. Square, Inc.*, 7 Cal.5th 1019 (2019).

the basis that the same term of service discriminated against him as a bankruptcy attorney under the Unruh Act.  *See* Ehler Decl. Ex. C.  The only substantive difference in Plaintiff's new state-court action is his decision to drop his class claims, presumably to avoid removal.

### III.  LEGAL STANDARD

Rule 41(d) is "intended to serve as a deterrent to forum shopping and vexatious litigation." *Esquivel*, 913 F. Supp. at 1386 (quoting *Simeone*, 971 F.2d at 108).  Federal Rule of Civil Procedure 41(d) provides:

> (d) **Costs of a Previously Dismissed Action**.  If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action . . . .

Fed. R. Civ. P. 41(d).  A Court has discretion to decide whether to award costs and fees under Rule 41(d)[6], but "there is no requirement of a showing of subjective 'bad faith' for a court to do so."  *Esquivel*, 913 F. Supp. at 1388.  Where a party dismissed the first action in order to shop for a new forum, courts routinely conclude that costs and fees should be awarded.  *See, e.g.*, *Ross*, 2013 WL 2495114, at *2 (awarding costs and fees where Plaintiff dismissed her federal action to "forum-shop," as such a fact-pattern is "precisely the type of case for which Rule 41(d) was designed"); *cf. Nielson*, 2003 WL 27374136, at *5 n. 24 (noting, even assuming plaintiffs "were not guilty of forum shopping or a vexatious litigation strategy…. the undisputed facts entitled defendants to costs" as "a finding of 'bad faith' is not a perquisite to an award of costs under Rule 41(d)").

---

[6] This Court retains jurisdiction to resolve a Rule 41(d) motion notwithstanding Plaintiff's voluntary dismissal.  *Fed. Trade Comm'n v. Endo Pharm., Inc.*, No. 16-1440, 2016 WL 6124376, at *6 (E.D. Pa. Oct. 20, 2016) ("[E]ven if the FTC voluntarily dismisses and refiles, I could still hear Defendants' motions for costs and counsel fees relating to the original action—including the fees and costs incurred in preparing their weighty dismissal Motions." (citing Fed. R. Civ. P. 41(d))); *see also Teece v. Kuwait Fin. House (Bahrain) B.S.C.*, 667 F. App'x 931, 931–32 (9th Cir. 2016) (summary order) ("An award of attorney's fees is a collateral matter" over which a district court retains jurisdiction after a voluntary dismissal.  "The rule is well settled." (collecting cases)).

## IV.   ARGUMENT

### A.   The Court Should Exercise Its Rule 41(d) Discretion Here

Rule 41(d) applies here to both discourage Plaintiff's blatant forum shopping and to compensate Square for unnecessary fees incurred.  Courts have found that the first-filed federal court can grant Rule 41(d) costs and fees even when the second-filed action is in state court, and that reasoning is even stronger where, as here, the Plaintiff dismissed the federal action for the purpose of forum-shopping.  *See Zarco*, 2019 WL 2106072, at *3–4 (fees awarded by federal court when plaintiff voluntarily dismissed and refiled in state court); *Ross*, 2013 WL 2495114, at *2 (same).

The pattern of conduct in this case—and other cases that Plaintiff's counsel has brought against Square—supports a finding of forum shopping and merits an award under Rule 41(d).  Plaintiff's counsel has repeatedly attempted to avoid litigating this case in front of this Court through an array of belated arguments.  In a related case, *shierkatz RLLP v. Square Inc.*, No. 3:15-Cv-02202-JST (N.D. Cal. filed May 15, 2015), after this Court ordered the case to arbitration, Plaintiff's counsel (representing another bankruptcy attorney) *repeatedly* challenged the jurisdiction of the Court—again, the court counsel filed the action in—arguing the Court lacked jurisdiction under *Spokeo*, that it should permit the plaintiff to file a new action in state court, *see shierkatz*, Dkt. No. 91-1, and that it should permit the plaintiff to amend to remove class action allegations, *id.* Dkt. No. 98.  Square opposed the latter motion, in particular, by noting that such an amendment was an improper attempt to divest the Court of jurisdiction.  *See id.* Dkt. No. 99 at 4 (citing *Sorosky*, 826 F.2d at 805).  In response, the plaintiff dropped that argument.  *See* Dkt. No. 100.

In this case, Plaintiff's actions—and those of his counsel—are merely the newest chapter in this forum-shopping story.  Plaintiff attempted to have his own Ninth Circuit appeal dismissed for lack of jurisdiction—an unusual maneuver that wasted Square and the judicial system's resources.  *See* Ehler Exs. D, E.  More recently, Plaintiff's counsel was explicit in telling Square his intentions to move to amend to drop his class allegations so this Court would have no choice but to dismiss the action.  *Id.* Exs. A, B.  He only decided to voluntarily dismiss this case when

Square's counsel noted the forum shopping and stated that they would oppose such a motion. *Id.* Ex. A at 1. To the extent Plaintiff now argues that his true intention was to drop his class claims, he could have done so *without* divesting this Court of jurisdiction. Plaintiff could simply have not moved for class certification—which would not have affected this Court's jurisdiction to hear the case. Federal jurisdiction is established through reference to the operative complaint, at the *time* it is filed. For that reason, although amendment of a complaint to remove CAFA allegations *will* divest a federal court of jurisdiction, the mere failure of a plaintiff to secure certification of a class has no effect on jurisdiction. *See Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1271–72 (11th Cir. 2016) ("When the post-filing action that did away with the class claims is not an amendment to the complaint, we see no basis for distinguishing cases originally filed in federal court under CAFA from those removed to federal court. We therefore conclude that CAFA continues to confer original federal jurisdiction over the remaining state-law claims in this suit."); *Gale v. Chicago Title Ins.*, 929 F.3d 74, 77 (2d Cir. 2019) ("No one disputes that CAFA jurisdiction existed when the case was initially filed and continued to exist until the FAC became the operative complaint. Both parties agree that after the class was decertified, the District Court still had CAFA jurisdiction because class–action allegations remained in the complaint.") *aff'ing* 2017 WL 4366959, at *1 (D. Conn. Sept. 30, 2017) ("All Circuits that have considered the question agree that failure of class certification under CAFA does not prevent a district court from retaining jurisdiction over individual claims." (citing, *inter alia*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010)). In other words, if Plaintiff decided his class claims, in the wake of the Supreme Court's decision in *White* were no longer worth certifying, that decision would have *no effect* on jurisdiction. It was Plaintiff's dismissal of the case—and not his decision to no longer pursue class certification—that resulted in a new forum.

### B. The Court Should Award A Portion Of Square's Costs And Fees For Wasted Work In Defending This Action

Under these facts, the Court should hold that Square is entitled to reasonable costs and fees. Square now "find[s] [itself] litigating essentially the same case but in a different court where

some of the fees and costs already borne will be wasted." *Zarco*, 2019 WL 2106072, at *6. Square should not have to pay for Plaintiff's sudden choice, after four years in the forum he chose, to litigate this case in another forum.

Square is requesting an award entitling it to fees and costs as it relates to two obviously pointless aspects of the now-dismissed action—with the precise amount to be determined subsequent to that holding. *See supra* n.2. Specifically, Square's work preparing an opposition to Plaintiff's motion for a new trial turned entirely on federal legal standards and unquestionably is not useful going forward. *See* Dkt. No. 63. Likewise, Square's briefing litigating the question of Plaintiff's federal standing in the Ninth Circuit has no continued use in the state action. *See White v. Square, Inc.*, No. 16-17137 (9th Cir. Jan. 26, 2017), Dkt. No. 6-1 (Square's response to Plaintiff's motion to consider its own subject matter jurisdiction); *id.* (9th Cir. Mar. 16, 2017), Dkt. No. 13 (Square's response to Plaintiff's motion for a stay pending resolution of the motion to determine subject matter jurisdiction); *id.* (9th Cir. June 29, 2017), Dkt. No. 38 (Square's Answering Brief) (addressing federal standing). Square should not have to bear the costs and fees associated with litigating the aptness of the forum Plaintiff himself chose, or unique questions to that federal forum, that would not have been litigated had Plaintiff filed his suit without a class action in state court four years ago.

## V.   CONCLUSION

In conclusion, the Court should affirm that Square is entitled to reasonable costs and fees pursuant to Fed. R. Civ. P. 41(d).

DATED:  November 15, 2019            MUNGER, TOLLES & OLSON LLP


                                     By:    */s/ Rose Leda Ehler*
                                            ROSE LEDA EHLER
                                     Attorneys for Defendant Square, Inc.