UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>SQUARE, INC.,<br><br>        Defendant. | Case No. 15-cv-04539-JST<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COSTS AND FEES**<br><br>Re: ECF No. 83 |

Plaintiff Robert E. White voluntarily dismissed this case and subsequently filed a second action that includes the same individual claim against Defendant Square, Inc. but no longer includes class claims. Square now seeks costs and fees pursuant to Federal Rule of Civil Procedure 41(d). ECF No. 83. That rule provides as follows:

> **Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Among other arguments, White contends that Rule 41(d) does not apply where, as here, the second action was filed in state court.

There is a split of authority on that question. Some courts have awarded Rule 41(d) costs and fees under these circumstances. *E.g.*, *Fees v. Zarco*, No. 1:17-CIV-20564-KMM, 2019 WL 2106072, at *3-6 (S.D. Fla. Feb. 11, 2019), *report and recommendation adopted*, 2019 WL 2105922 (S.D. Fla. Mar. 8, 2019); *Ross v. Infinity Ins. Co.*, No. 12-5050, 2013 WL 2495114, at *2-5 (E.D. Pa. June 10, 2013). Other courts, however, have concluded that the rule does not allow the federal court in the first-filed, and now-dismissed, case to award costs and fees. *E.g.*, *Sargeant*

*v. Maroil Trading, Inc.*, No. 9:17-CV-81070, 2018 WL 4922370, at *2-4 (S.D. Fla. Oct. 1, 2018), *report and recommendation adopted*, 2018 WL 6807293 (S.D. Fla. Nov. 16, 2018); *Gannaway Entm't Inc. v. Frankly Inc.*, No. 17-cv-04169-RS, 2018 WL 5310834, at *2 (N.D. Cal. May 10, 2018).[1]

    The Court will follow the latter authority. The *Sargeant* court's analysis is persuasive:

> Based on the structure and text of Rule 41(d), the undersigned finds that Rule 41(d) applies only when the defendant seeks relief in the second judicial proceeding, which must be in federal court. The condition precedent to relief is that a "plaintiff" who "previously" dismissed an action then files an action against that "same defendant" based on the same claims. The use of the word "previously" indicates that the "plaintiff" and "defendant" being referenced in the first clause of Rule 41(d) are the "plaintiff" and "defendant" in the matter in which the Rule 41(d) motion has been filed. That the Rule 41(d) motion must be filed in the second action is reinforced by subsection (d)(1), which authorizes the Court to order the plaintiff to pay all or part of the costs of the "previous action." Finally, subsection (d)(2) empowers the Court to "stay the proceedings." Because, by definition, the first case must have been dismissed prior to the filing of the Rule 41(d) motion, that case cannot be stayed. Therefore, the only proceedings pending (and therefore susceptible to a stay) when a Rule 41(d) motion is filed would be the second-filed action. The second-filed action is also the only proceeding for which the court before whom the Rule 41(d) motion is pending unquestionably would have authority to enter a stay. For all these reasons, the best interpretation of the text and structure of Rule 41(d) is that it may only be invoked in the second-filed case, which must be in federal court.

*Sargeant*, 2018 WL 4922370, at *2 (citation and footnote omitted); *see also Gannaway*, 2018 WL 5310834, at *2 ("[T]he plain text of Rule 41(d) is at odds with defendants' suggestion that the court that presided over the 'previously dismissed' action is empowered to order fees based on the subsequent filing of a similar action in another court. As the rule refers to the ability of the district court to order payment and stay the subsequent action until the plaintiff has complied, the straightforward interpretation is that the district court is presiding over the subsequent action and therefore has the power to stay its own proceedings."). Neither *Fees* nor *Ross* addressed Rule 41(d)'s text, and it does not appear that any party in either case argued that the rule did not apply

---

[1] An appeal in *Sargeant* is currently pending before the United States Court of Appeals for the Eleventh Circuit, which heard oral argument on December 12, 2019. *See* ECF Docket, *Sargeant v. Hall*, Case No. 18-15205 (11th Cir.).

based on the second action's filing in state court.  *See Fees*, 2019 WL 2106072; *Ross*, 2013 WL 2495114.  White, by contrast, has squarely presented the issue here.  Following *Sargeant* and *Gannaway*, the Court concludes that it lacks authority to award costs and fees under Rule 41(d) in this case.  The Court does not reach the parties' remaining arguments.

## CONCLUSION

Square's motion for costs and fees pursuant to Federal Rule of Civil Procedure 41(d) is denied.

**IT IS SO ORDERED.**

Dated:  January 27, 2020



_____
JON S. TIGAR
United States District Judge